UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-P820-H

ANTWANE B. OLIVER                                                          PLAINTIFF

v.

DEPARTMENT OF CORRECTIONS *et al.*                          DEFENDANTS

### MEMORANDUM OPINION

      Plaintiff, Antwane B. Oliver, filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

### I.

      Plaintiff was a convicted inmate at the Henderson County Detention Center at the time of filing this lawsuit. He has since been transferred. His complaint concerns his previous incarceration at the Larue County Detention Center (LCDC). He sues the Department of Corrections, LCDC, and five deputies at LCDC, Deputies Chester, Jamie Underwood, Gary, Blake, and Austine.[1]

      Plaintiff states that he was put in segregation on June 16, 2013. He avers that the Defendant deputies failed to ask him if he "want[ed] an hour out of [his] cell on June 17th 2013 to June 26th 2013." He states that he was put in segregation again on July 11, 2013. He states that from July 11 to July 15, 2013, Defendants again failed to ask him if he wanted an hour out.

---

[1] Plaintiff does not state whether he sues the Defendant deputies in their official or individual capacities. However, the Court finds that Plaintiff's claims fail against the deputies in either their official or individual capacities for the reasons stated herein.

He also avers that from June 16 to June 26, 2013, and from July 11 to July 15, 2013, Defendants did not give him a clean jumpsuit or clean linens.

Plaintiff also states that on July 12, 2013, he was given a food tray which he believed may have been contaminated by another inmate and pushed the tray out of his slot. Defendant Deputy Chester demanded that Plaintiff pick up the food that fell on the floor, and Plaintiff refused. Defendant Chester then confiscated Plaintiff's mat for 18 hours. Plaintiff states, "I laid down on the cold steal bunk trying to earn my mat and blanket back. I went without mat from July 12th 2013, 11:30 a.m. to July 13th 2013 5:30 a.m. for no reason." As relief, Plaintiff seeks $800,000 in damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

2

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.     Municipal liability**

LCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Larue County that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Larue County is a "person" for purposes of § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claim against LCDC as brought against Larue County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether this municipality is responsible for the alleged constitutional violations.

Plaintiff alleges that LCDC deputies denied him his "hour out" and a clean jumpsuit and clean linens while in segregation and took away his mat for an 18-hour period. A municipality, however, "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the

policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Larue County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Therefore, Plaintiff's claim against LCDC must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff sues the Defendant deputies in their official capacities, official-capacity claims against a municipal employee are actually claims against their employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Therefore, any official-capacity claims against the Defendant deputies also fail to state a claim upon which relief may be granted and are subject to dismissal.

### B. Department of Corrections

Plaintiff also sues the Department of Corrections. The Court presumes that Plaintiff is referring to the Kentucky Department of Corrections. However, Plaintiff states no facts regarding any involvement by the Department of Corrections in the events giving rise to the complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff states that he was housed at a county facility and has not alleged any facts showing how Defendant Department of Corrections is responsible for his alleged harm, the claim against it will be dismissed for failure to state a claim upon which relief may be granted.

### C. Denial of "hour out"

Plaintiff claims that Defendant deputies denied him an "hour out" during a nine-day period and another five-day period while he was housed in segregation. The Court construes Plaintiff's claims that he was denied an "hour out" as alleging that he was denied recreation in violation of the Constitution. While a total denial of recreational opportunities may give rise to a violation of the Constitution, *Walker v. Mintzes*, 771 F.2d 920, 927-28 (6th Cir. 1985), the Sixth Circuit has not defined a minimum standard of recreation for adult prisoners. *Rodgers v. Jabe*, 43 F.3d 1082, 1087-88 (6th Cir. 1995). Notably, Plaintiff's allegation that he was denied

recreation was of limited duration, and he has not alleged that the denial of recreation caused him any physical injury or placed him at substantial risk of serious harm. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Because Plaintiff does not allege that he suffered any injury from the alleged inadequate recreation, no cognizable § 1983 claim has been stated, and the claim will be dismissed for failure to state a claim upon which relief may be granted.

**D.      Other conditions**

The Eighth Amendment requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "To the extent that [] conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff contends that Defendants denied him a clean jumpsuit and clean linens while in segregation and that Defendant Chester confiscated his mat and blanket for an 18-hour period. However, these allegations also fail to give rise to a constitutional violation. Plaintiff alleges no facts which would suggest a "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain" that constitutes cruel and unusual punishment with respect to these incidents. *Id*. The denial of a change of clothes and clean bed linens for a limited period of time does not constitute an Eighth Amendment violation, *Miller v. Palmer*, No. 99-2352, 2000 U.S. App. LEXIS 24863, at *4-5 (6th Cir. Sept. 27, 2000), nor does the denial of a mat and blanket for an 18-hour period. *See, e.g*., *Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir.

2003) ("Grissom neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm."); *Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS 6545, at *1 (6th Cir. Feb. 15, 1996) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two week period.") (citing *Schroeder v. Kaplan*, No. 93-17123, 1995 U.S. App. LEXIS 18915, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment)).

Based on the complaint, the alleged deprivations were for a limited period of time, and Plaintiff did not suffer any injury as a result. Accordingly, his claims fail to state a claim under § 1983, and these claims will be dismissed for failure to state a claim.

**IV.**

For the reasons stated above, the Court will enter a separate Order dismissing the action.

Date:

cc: Plaintiff, *pro se*
4412.010

8